UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO DIAZ-LOZANO,<br><br>         Petitioner,<br><br>   v.<br><br>B.M. TRATE, Warden,<br><br>         Respondent. | Case No.   1:22-cv-01027-HBK (HC)<br><br>ORDER DENYING CONSTRUED MOTION TO SUPPLEMENT WITHOUT PREJUDICE<br><br>(Doc. No. 9) |

      Petitioner Fausto Diaz-Lozano, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 15, 2022. (Doc. No. 1, "Petition"). On November 14, 2022, Petitioner filed a pleading titled "Supplemental and Exhibits in Support of Motion for Petition," now pending before the Court. (Doc. No. 9). The Supreme Court has instructed federal courts to liberally construe the "inartful pleading[s]" of pro se litigants. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). The Court construes Petitioner's "Supplemental and Exhibits in Support of Motion for Petition" as a Motion to Supplement the Petition.

      The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions of the Habeas Rules. Rules Governing Section 2254 Cases in the United States District Court, Rule 12. *See also*, Fed. R.

Civ. P. 81(a)(4). Federal Rule of Civil Procedure 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Court directed Respondent to respond to the Petition on October 26, 2022, affording Respondent sixty (60) days to respond. (Doc. Nos. 1, 5). Thus, Respondent's response is not yet due. Petitioner filed the construed Motion to Supplement on November 14, 2022. (Doc. No. 9). To the extent discernable, the Motion to Supplement includes Petitioner's calculation of his "FSA ETC's" through "11/08/2022," whereas his initial Petition included his calculation of his "FSA ETC's" only through "August 4, 2022."  (Doc. No. 9 at 2). Aside from Petitioner's "updated" calculation as to the amount of "FSA ETC's" through a certain date, the Motion to Supplement does not otherwise appear to set out any new transaction, occurrence, or event that happened after the date of the Petition and is denied without prejudice. Should Petitioner wish to resubmit a motion to supplement, he must identify transactions, occurrences, or events that occurred subsequent to the date of the petition.

In the alternative, a habeas corpus petition also "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Consequently, pursuant to Rule 15(a), petitioner may amend his petition "once as a matter of course." Fed. R. Civ. P. 15(a)(1)(B).   The Motion to Supplement the Petition is insufficient to qualify as a motion to amend because the pleading is not complete on its face without reference to the initial Petition. To the extent that Petitioner intended the Motion to Supplement to be a motion to amend the Petition, Petitioner must refile an appropriate motion accompanied by a free-standing pleading titled "First Amended Petition" that will supersede the original petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The First Amended Petition must be <u>complete</u> without reference to the prior petition or any superseded pleading and must include <u>all</u> grounds for relief and supporting facts. *See also* Local

Rule 220. The Court does not accept piecemeal pleadings. The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition for Petitioner's use if appropriate.

Accordingly, it is **ORDERED**:

1. Petitioner's construed Motion to Supplement (Doc. No. 9) is **DENIED without prejudice**.
2. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's future use if appropriate.

Dated:    December 5, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE