UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO DIAZ-LOZANO,<br><br>         Petitioner,<br><br>    v.<br><br>B.M. TRATE, Warden,<br><br>         Respondent. | No.  1:22-cv-01027-HBK (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Fausto Diaz-Lozano ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 15, 2022, while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition challenges the execution of Petitioner's sentence.  (*Id*.).  Specifically, the Petition claims the Bureau of Prisons ("BOP") has "failed to timely calculate and apply First Step Act (FSA) Earned Time Credits (ETC) which is holding Mr. Diaz-Lozano [sic] transfer to home confinement or halfway house under pertinent authorities and policies.  If and when the BOP properly applies all earned FSA credits through the present, Mr. Diaz-Lozano [sic] date should move up substantially and be eligible for Residential Reentry Placement."  (Doc. No. 1 at 7); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward

1    time in prerelease custody or supervised release).  On January 26, 2023, Respondent filed a

2    Motion to Dismiss the Petition for several reasons, including lack of jurisdiction and failure to

3    exhaust his administrative remedies.  (Doc. No. 13).  On February 2, 2023, Petitioner filed a reply

4    arguing that he exhausted all BOP remedies and again requesting "the Court to order the

5    Respondent to immediate[ly] release him from his Federal Custodial Custody, to **Prelease**

6    **Custody** under 28 U.S.C. § 2241."  (Doc. No. 14 at 1) (emphasis in original).

7         Federal courts has an independent duty to consider its own subject-matter jurisdiction.

8    Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d

9    960, 967 (9th Cir. 2004).  Under Article III, Section II of the Constitution, a federal court's

10   jurisdiction is limited to adjudication of "live" cases and controversies.  *See Hollingsworth v.*

11   *Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist

12   throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for*

13   *Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies"

14   limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at

15   the time the complaint is filed,") (internal quotation marks omitted).  To maintain a claim, a

16   litigant must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v.*

17   *INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  In the context of a habeas

18   petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner

19   has received the relief requested in the petition; or (2) the court is unable to provide the petition

20   with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023)

21   (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v.*

22   *Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to

23   grant any effectual relief" on petitioner's claim).

24        Here, Petitioner challenges the BOP's calculation of earned time credits pursuant to the

25   FSA, and specifically demands release to prerelease custody.  (Doc. Nos. 1, 14).  However, in his

26   reply, Petitioner indicated that he received a halfway house/residential reentry center (RRC)

27   release date of April 12, 2023 from his BOP unit team.  (Doc. No. 14 at 3).  The Court's *sua*

28   *sponte* search of the BOP inmate locator database indicates that Petitioner is currently located at

RRM (Residential Reentry Management) in Phoenix, Arizona.[1]  Because it appears that Petitioner has received the relief requested in the Petition – release from his custodial sentence at USP Atwater and transfer to home confinement or a halfway house – the Court must determine whether this action is moot.

Accordingly, it is **ORDERED**:

Within **fourteen (14) days** from receipt of this Order, Petitioner shall show cause in writing why the Court should not dismiss his Petition for mootness due to receiving the relief requested.  Failure to comply with this order will result in dismissal pursuant to Local Rule 110.

Dated:   August 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited Aug. 10, 2023).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

3