UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO DIAZ-LOZANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　　Respondent. | No. 1:22-cv-01027-HBK (HC)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE AUGUST 11, 2023 ORDER TO SHOW CAUSE |

Petitioner Fausto Diaz-Lozano ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 15, 2022, while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition claims the Bureau of Prisons ("BOP") "failed to timely calculate and apply First Step Act (FSA) Earned Time Credits (ETC) which is holding Mr. Diaz-Lozano [sic] transfer to home confinement or halfway house under pertinent authorities and policies. If and when the BOP properly applies all earned FSA credits through the present, Mr. Diaz-Lozano [sic] date should move up substantially and be eligible for Residential Reentry Placement." (Doc. No. 1 at 7); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release). On January 26, 2023, Respondent filed a

Motion to Dismiss the Petition for several reasons, including lack of jurisdiction and failure to exhaust his administrative remedies. (Doc. No. 13). On February 2, 2023, Petitioner filed a reply arguing that he exhausted all BOP remedies and again requesting "the Court to order the Respondent to immediate[ly] release him from his Federal Custodial Custody, to **Prelease Custody** under 28 U.S.C. § 2241." (Doc. No. 14 at 1) (emphasis in original).

On August 11, 2023, the Court entered an order to show cause directing Petitioner to show why the Court should not dismiss his Petition for mootness due to receiving the relief he requested, to wit, release from his custodial sentence at USP Atwater and transfer to home confinement or a halfway house. (Doc. No. 15). On August 23, 2023, the order to show cause, sent to Petitioner at the facility listed as his "place of confinement" in his Petition, was returned to the Court as "undeliverable, no longer at facility." (*See* docket). Petitioner has not responded to the order to show cause, and the deadline for doing so has passed.

As indicated in the August 11, 2023 order to show cause, the Court's *sua sponte* search of the BOP inmate locator database indicates that Petitioner is currently located at RRM (Residential Reentry Management) in Phoenix, Arizona.[1] Federal courts has an independent duty to consider its own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited September 1, 2023). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

omitted).  In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Because it appears that Petitioner has received the relief requested in the Petition – release from his custodial sentence at USP Atwater and transfer to home confinement or a halfway house – the Court must determine whether this action is moot.

Accordingly, it is **ORDERED**:

1. Within **fourteen (14) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot as Petitioner appears to have been transferred to home confinement or a halfway house.

2. The Clerk of Court is directed to re-serve the Court's August 11, 2023 Order to Show Cause at Petitioner's new location based upon the BOP Inmate Locator: RRM Phoenix, 230 N. First Ave., Suite 405, Phoenix, AZ 85003.

Dated:     September 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE