UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO DIAZ-LOZANO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　　　Respondent. | No. 1:22-cv-01027-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 13) |

Petitioner Fausto Diaz-Lozano ("Petitioner"), a federal prisoner, initiated this action on August 15, 2022, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition claims the Bureau of Prisons ("BOP") "failed to timely calculate and apply First Step Act (FSA) Earned Time Credits (ETC) which is holding Mr. Diaz-Lozano [sic] transfer to home confinement or halfway house under pertinent authorities and policies. If and when the BOP properly applies all earned FSA credits through the present, Mr. Diaz-Lozano [sic] date should move up substantially and be eligible for Residential Reentry Placement." (Doc. No. 1 at 7); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 8).

1

evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  As relief, Petitioner requests that BOP be ordered to "apply FSA ETC's towards the maximum amount of reduction in sentence and any remaining ETC's to be appl[ied] toward maximum amount of "pre-release custody" such as home-confinement of half-way house."  (Doc. No. 1 at 3).

On January 26, 2023, Respondent filed a Motion to Dismiss the Petition for reasons including lack of jurisdiction and failure to exhaust administrative remedies.  (Doc. No. 13).  On February 2, 2023, Petitioner filed a reply arguing that he exhausted all BOP remedies and again requesting "the Court to order the Respondent to immediate[ly] release him from his Federal Custodial Custody, to **Pre-release Custody** under 28 U.S.C. § 2241."  (Doc. No. 14 at 1) (emphasis in original).  On September 5, 2023, the Court ordered (1) Respondent to submit supplemental briefing addressing whether the action is moot as it appeared Petitioner received the relief requested in the Petition – release from his custodial sentence at USP Atwater and transfer to home confinement or halfway house; and (2) re-service at Petitioner's "RRM" (residential reentry management facility) address[2] of the Court's August 11, 2023 Order to Show Cause (Doc. No. 15), previously returned as undeliverable (*See* docket), as to why the Petition should not be dismissed as moot.  (Doc. No. 16).  On October 3, 2023, Respondent filed a supplement to the Motion to Dismiss, restating the arguments made in the pending motion to dismiss and confirming that Petitioner was awarded maximum FSA earned time credits which resulted in "discretionary advancement of his projected release date" and transfer from formal BOP custody to placement in "sentence end-term programming, *e.g.*, a community correction center (CCC)." (Doc. No. 20).  As of the date of this order, Petitioner has not responded to the September 5, 2023 order.

For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

---

[2] The Court notes that Petitioner failed to comply with his obligation under Local Rule 183(b) to keep the Court informed of his proper address.  As noted in the August 11, 2023 Order to Show Cause, the Court's *sua sponte* search of the BOP inmate locator database revealed that Petitioner's address changed to a RRM in Phoenix, Arizona, and the docket was updated accordingly.  (*See* Doc. No. 16 at 2).

# I. BACKGROUND

## A. Procedural History

In 2014, Petitioner was found guilty after jury trial in the Eastern District of California for conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), possession with intent to distribute at least 50 grams of methamphetamine in violation of 18 U.S.C. § 841(a)(1), conspiracy to manufacture at least 100 marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1), and manufacturing at least 100 marijuana plants in violation of 18 U.S.C. § 1028A(a)(1); and he was sentenced to serve an aggregate term of 210 months of federal incarceration. *See United States v. Lara-Penaloza et al.*, 2:10-cr-00391-DJC-6, Crim. Doc. Nos. 167, 185 (E.D. Cal.).[3] At the time Petitioner filed the Petition, he was incarcerated in USP Atwater. However, after Petitioner filed the instant Petition demanding a recalculation of his earned time credit under the First Step Act, BOP completed an FSA review of Petitioner's sentence, released him from his custodial sentence at USP-Atwater on April 12, 2023, and transferred him to "sentence end-term programming, e.g., a community correction center (CCC)." (Doc. No. 20 at 2; Doc. No. 20-1 at 2).

## B. The First Step Act

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). One such reform under the First Time Act entailed the implementation of Federal Time Credits ("FTCs"). 18 U.S.C. § 3632(d)(4)(A). Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." *Id*. These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release." *Id.*

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score. *United*

---

[3] The undersigned cites to the record in Petitioner's underlying EDCA criminal cases as "Crim. Doc. No. _."

3

*States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A. Mootness**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that

"an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Here, Petitioner has received the relief he has requested in the Petition: calculation and application of his FSA credits resulting in release from his custodial sentence at USP Atwater and transfer to "pre-release custody." (*See* Doc. Nos. 1, 14). Thus, the Petition is moot. Because the Petition is moot, the Court lacks jurisdiction to consider any merits of the claims raised in the Petition.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 13) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   October 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE